UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>H.D.S.P., et al.,<br><br>        Defendants. | Case No.: 2:24-cv-00206-RFB-BNW<br><br>**ORDER** |

      Pro se plaintiff Jason Davis, an inmate in the custody of the Nevada Department of Corrections, has applied to proceed *in forma pauperis* ("IFP"). (ECF No. 1). But Plaintiff has not filed a complaint, and the IFP application is incomplete because Plaintiff failed to submit a completed financial certificate and an inmate trust fund account statement for the previous six-month period with it. Plaintiff states that he asked two officers to sign his financial certificate, but they won't because he believes they don't like what he's doing. (ECF No. 1 at 7). The Court denies Plaintiff's incomplete IFP application and grants him extensions of time to file a complaint and either pay the full filing fee or file a new fully complete IFP application. Alternatively if Plaintiff is having difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from prison officials, then he must complete and file the first three pages of the Court's approved form IFP application together with a declaration detailing when he requested the documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. And Plaintiff should ensure that he follows the prison's regulations to obtain his financial documents from the appropriate officials.

**I.    DISCUSSION**

      "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially

all the information called for by the court's form." Nev. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

Additionally, this Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

However if an inmate is having difficulty obtaining the required financial certificate and inmate account statement for the previous six-month period from the appropriate prison officials, courts in this district have permitted the inmate to file a declaration detailing when he requested the documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. If Plaintiff chooses this option, his declaration must include dates of his requests, dates of his follow-up requests, names of the prison officials whom he spoke to about the matter, and their responses. And Plaintiff must complete and file the first three pages of the application to proceed *in forma pauperis* along with his declaration. If Plaintiff's declaration demonstrates that he has done all that was possible to obtain the documents from prison officials, the Court will consider his application to proceed *in forma pauperis* complete.

**II.  CONCLUSION**

It is therefore ordered that the incomplete application to proceed *in forma pauperis* (ECF No. 1) is denied without prejudice.

It is further ordered that Plaintiff has **until July 30, 2024**, to submit a complaint to this Court.

It is further ordered that Plaintiff has **until July 30, 2024**, to either (1) pay the full $405 filing fee, (2) file a new fully complete application to proceed *in forma pauperis* containing all three of the required documents, or (3) complete and file the first three pages of the application to proceed *in forma pauperis* together with a declaration detailing the efforts that Plaintiff took to acquire the financial certificate and inmate account statement from prison officials.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when he can file a complaint and either pay the full filing fee or file a complete application for *in forma pauperis* status.

The Clerk of the Court is directed to send Plaintiff Jason Davis (1) the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same and (2) an application to proceed *in forma pauperis* for an inmate and instructions for the same.

DATED THIS __31__ day of __May__ 2024.

_____
UNITED STATES MAGISTRATE JUDGE